# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| Raytheon Company | ) ASBCA Nos. 60448, 60785 |
| | ) |
| Under Contract No. FA8675-13-C-0003 | ) |

APPEARANCES FOR THE APPELLANT:    Donald G. Featherstun, Esq.
　　　　　　　　　　　　　　　　　　Giovanna A. Ferrari, Esq.
　　　　　　　　　　　　　　　　　　　Seyfarth Shaw LLP
　　　　　　　　　　　　　　　　　　　San Francisco, CA

APPEARANCES FOR THE GOVERNMENT:    Jeffrey P. Hildebrant, Esq.
　　　　　　　　　　　　　　　　　　　Air Force Deputy Chief Trial Attorney
　　　　　　　　　　　　　　　　　　Lawrence M. Anderson, Esq.
　　　　　　　　　　　　　　　　　　Maj Darren S. Gilkes, USAF
　　　　　　　　　　　　　　　　　　Jason R. Smith, Esq.
　　　　　　　　　　　　　　　　　　Caryl A. Potter III, Esq.
　　　　　　　　　　　　　　　　　　Colby L. Sullins, Esq.
　　　　　　　　　　　　　　　　　　Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE SCOTT
## ON THE GOVERNMENT'S MOTION TO AMEND ANSWER

Raytheon Company has appealed from the contracting officer's (CO's) denial of its $48,195,181 claim for extra Systems Engineering and Program Management (SEPM) services under the subject "Lot 27" contract to provide missiles, telemetry units, other deliverables and SEPM (ASBCA No. 60448), and from the CO's denial of its supplemental $48,311,385 claim for additional SEPM services under the contract (ASBCA No. 60785). On 20 February 2018, about two months before the hearing, which is set to commence on 24 April 2018, the government moved to amend its answer to add the following affirmative defense:

> "Unclean Hands" – The firm-fixed-price contract for
> Lot 27 was the latest production contract in a "house of cards"
> knowingly constructed by Raytheon to sell more missiles to
> the United States than otherwise could be paid for by the fund
> amount certified as available to the Air Force for the Lot 27
> contract when signed. Raytheon's complicity in such
> unfunded contract actions, prohibited by the Anti-Deficiency
> Act (31 U.S.C. 1341) and FAR Subpart 32.7 (Contract

Funding), bars all of Raytheon's claims in this appeal under the "unclean hands" doctrine.

(Mot. at 1) Briefing was complete on 2 April 2018, when the Board received appellant's sur-reply in opposition to the motion.

## THE PARTIES' CONTENTIONS

Appellant first contends that the Board does not have jurisdiction to entertain the government's proposed affirmative defense because the government did not submit it, in the form of a claim, to the CO. Appellant further alleges that the motion should be denied as unjust because the government did not justify the defense or its delay in raising it. Appellant avers that Air Force personnel have consistently claimed that the Lot 27 contract was fully funded. Appellant also alleges that it would be prejudiced if the amendment were allowed because it has not had the opportunity to conduct discovery on the defense; it would need to make complex funding and budget inquiries; and it would require expert evidence on the new defense. However, appellant opposes any extension of the hearing date or re-opening discovery. Appellant asserts that the prejudice to it would carry over to multiple contracts and any subsequent proceedings involving the Anti-Deficiency Act because the doctrine of *res judicata* would apply to any adverse fact findings related to the new affirmative defense.

The government replies that it is not shifting from its consistent position that the Lot 27 contract was fully funded when the parties entered into it. It alleges that the Board has jurisdiction to consider the proposed affirmative defense because the government is not seeking to void the contract or to adjust any of its terms or to obtain any monetary relief. Rather, the latest round of government depositions of Raytheon personnel revealed that it had an undisclosed pre-award plan to complete the Lot 27 contract work "with future appropriated funds siphoned away from future missile production contracts that Raytheon hoped to obtain on an annual basis" (gov't reply at 1-2). The government alleges that it is seeking to apply its unclean hands defense to force Raytheon to honor the contract instead of allowing it to implement its undisclosed plan. The government also asserts that permitting it to amend its answer will not require any more discovery and no expert evidence is needed. Like appellant, the government does not seek to extend the hearing date, which has already been extended twice at one or both parties' requests.

In its sur-reply appellant asserts that the government has not justified its "eleventh hour" motion, which it brought in bad faith, because the government's own documents, dating back to 2013, and its own witnesses, in deposition testimony in June 2017, demonstrate that the COs responsible for awarding the Lot 27 contract were well aware, prior to contract award, of the bidding practices about which the government claims to have learned only in late January 2018 (app. sur-reply at 1, 6). Appellant also contends

2

that the Board should deny the government's motion to amend on the ground of "futility of amendment" because the government has not demonstrated how its assertions satisfy the "unclean hands" doctrine (*id.* at 10). Appellant alleges that it will be prejudiced by the lack of discovery on the government's affirmative defense.

## DISCUSSION

### Jurisdiction

Appellant's contention that the Board lacks jurisdiction to consider the government's motion to amend is mistaken because there is no need for the government to submit a claim to the CO regarding its proposed affirmative defense if, like here, it is not seeking money or an adjustment of the contract's terms. *Securiforce International America, LLC v. United States*, 879 F.3d 1354, 1362-63 (Fed. Cir. 2018); *Laguna Construction Co. v. Carter*, 828 F.3d 1364, 1368 (Fed. Cir. 2016); *Kellogg Brown & Root Services, Inc.*, ASBCA No. 56358 *et al.*, 17-1 BCA ¶ 36,779 at 179,246-47.

Thus, the Board has jurisdiction to entertain the government's proposed affirmative defense.

### Criteria for Amendment of Answer

Board Rule 6(d) provides that "[t]he Board may permit either party to amend its pleading upon conditions fair to both parties." The Rule does not contain any time limit for amendment of a pleading.* We may also look to the Federal Rules for guidance. FED. R. CIV. P. 15(a)(1) provides for pleading amendments as a matter of course before trial, with various 21-day time limits. Under FED. R. CIV. P. 15(a)(2), when the time for amending a pleading as a matter of course has passed, a party may amend its pleading with the opposing party's consent or the court's leave. The Rule advises that "[t]he court should freely give leave when justice so requires." The United States Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court elaborated:

> In the absence of any apparent or declared reason – such as
> undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by

---

* Rule 6(d) also provides that, if a party objects to evidence at a hearing on the ground that it is not within the issues raised by the pleadings, it may be admitted within the proper scope of the appeal, provided that the objecting party may be granted an opportunity to meet the evidence

3

virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the [Court].

*Id.*

## Undue Delay, Bad Faith, Futility of Amendment, Prejudice to Appellant

The parties dispute when the government had enough information to assert its proposed affirmative defense. Although the government's motion to amend, regrettably, comes close to the commencement of the hearing, there is insufficient information for the Board to conclude that the government delayed unduly in raising the defense. There is also insufficient evidence to establish bad faith on the part of the government, which appellant bears the burden to prove. *See Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239 (Fed. Cir. 2002) (presumption that government officials act in good faith may only be overcome by clear and convincing evidence).

Similarly, there is insufficient information for the Board to decide whether the amendment would be futile on the ground that the government has not established a basis for its assertion that appellant's claims are barred under the doctrine of unclean hands. That doctrine arises in equity and has been described by the Board as follows:

> "[O]ne who seeks equity must do equity." *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1361 (Fed. Cir. 2001) *quoting Manufacturer's Finance Co. v. McKey*, 294 U.S. 442 (1935). Thus, the unclean hands doctrine "closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *ABF Freight System, Inc. v. NLRB*, 510 U.S. 317, 329 (1994).

*Eurasia Heavy Industries, Inc.*, ASBCA No. 52878, 01-2 BCA ¶ 31,574 at 155,916. In other words, to prove "unclean hands" requires a showing of inequitable conduct involving the subject matter of the claims at issue. *Id.* at 155,917 (citing *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co.*, 747 F.2d 844, 855 (3d Cir. 1984), *cert. denied*, 471 U.S. 1137 (1985)).

Lastly, to resolve any prejudice to appellant due to its stated need for expert evidence and more discovery in view of the government's new affirmative defense, while the Board will not extend the hearing commencement date, it will afford appellant the opportunity for further discovery and/or record submissions both before and after the current scheduled hearing. At the conclusion of the hearing, if appellant requires more discovery, the Board will keep the record open for both parties for a period of time upon

4

which they agree, or which the Board sets, in order that they can conduct discovery on the issues raised in the government's new affirmative defense. If further testimony is required as a result of the discovery, the Board will set a date(s) and place for it to be heard.

## DECISION

The government's motion to amend its answer is granted. The government is to serve its amended answer upon appellant by email, and to file it with the Board, as promptly as possible, but no later than 16 April 2018.

Dated: 9 April 2018

CHERYL L. SCOTT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60448, 60785, Appeals of Raytheon Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5